Please call his name, please. 214-1149, Birch Services v. 3K Alvarez. Counsel, good morning. Now that you're all invigorated, right, we're going to have an interesting discussion. May it please the court, counsel, my name is Jared Desai and I represent the appellant, Birch Services. The issue before this court is twofold. The first is whether the bond signed by the former director of a company that no longer exists was sufficient under Section 19F2 of the Act for satisfying the bond requirement. And second, if not, whether due process and the due process clause of the state constitution requires that the appeal be allowed to proceed as the party obligated to pay the insurance company has no recourse to appeal a decision where no principle exists. The first issue is whether the bond is proper, and it is. The accident occurred on September 11, 2006. The company went out of business in November of 2010. The last known 100% owner of the company passed away in 2011. Arbitration proceeded on December 13, 2012. Therefore, as of the date of arbitration and subsequent decisions, there were no known owners of the company that were alive, nor was there any company in existence. The appellant is still, of course, required to satisfy the bond requirements by establishing that a long defunct and nonexistent company still has a principle available to sign the bond. Nevertheless, there was compliance with the bond requirement here. Ms. Angela Howard should be considered a principle for satisfying the bond requirements of 19F2. Well, here's the problem that I think we have in this case. The bond, you cannot legitimately say identified a principle because, in fact, it did the opposite. She made it clear, did she not, that she was not signing it as somebody who was a principle. She said that she was signing it as a former employee, not as a principle, correct? That is how she executed the bond. Well, if she's not a principle, how did she comply with this part of the act? Well, our argument is that whether or not she believes she was a principle based on her modifications to the bond is irrelevant. An employee can also be a principle. But how would we know that from the face of this? How would we know that? Well, we can tell that based on a review of the record, which where she testifies that she was a director of borrower services at Arbitration. We're not dealing with somebody who's fiscated. I mean, a principle is a legal term of borrower. Just because she crosses off the word principle and signs as a former employee, not as a principle, it's not dispositive of the issue of whether or not she is a principle. But she's telling us what her intent was and purpose was at the time she signed it. She said – she marked out principle and said, in effect, I am not signing this as a principle. I'm signing it as a former employee. Right. But whether or not she was a principle at the time the company existed is what the issue is. At the time the company was – Okay, but now we're going to say, yes, you are a principle, and we bind you in this bond. Well, we're not binding her. We're binding the company. But you understand what I'm saying, though. Right. But we're not binding her just by virtue of her signing it. I mean, an employee who has authority or an agent who has authority to sign a bond can sign it. That doesn't mean they're personally responsible for the award. They're binding the company to the award, which is what her signature does. And I think if we review the record, she testified that she was the director of services. She testified that she was also considered the human resources director. This is all at arbitration. But why do we need to get to that? As you know, these rules under the case law, as you can see, are supposed to be strictly construed. These rules are the most functional when they are strictly construed. So according to you, the circuit court is going to have to sua sponte, do a hearing in every case, because the simple facts are Howard crosses out the language on the bond, which would have identified her as a principle to bind herself. Instead, identifies herself as a former employer, not as a principle. So she clearly identifies herself as someone who was without authority to bind the employer to the bond, clearly as of the initial signing. And so the circuit court is supposed to look at that and say what? Well, we need to have a hearing here because she doesn't comply with the act? How would anybody know a hearing is necessary? In every case, a hearing could be necessary to determine whether or not that person is in fact a principle. I mean, this is somewhat of a fiction that we engage in, where we just have somebody sign a document and then it says as principle below it, and that's assumed to be sufficient for purposes of satisfying bond. In every circuit court appeal that's filed, in any review that's filed. Well, it's an adversary system. Nobody challenges it. It stands uncontested. Sure. If somebody does challenge it and comes in with evidence to show that the person who signed it was not a principle, then you've got an issue. I mean, here it was apparent on the face of the bond that the person was not signing as a principle. But whether or not she believes she was a principle, our argument is that it's not relevant to whether or not she was in fact a principle at the time the company was in operation. What is the style of birth services? Was it a corporation? Was it a sole proprietorship? It was a corporation. It was registered as a corporation with the state. At the time of arbitration, the corporation was dissolved. There was no registered agent available. The owners, the sole owners based on her affidavit, had passed away. In her affidavit, she also attests to the fact that there was no ownership interest passed down to her or any siblings or other heirs to her knowledge. Well, it says she passed away. She owned 100% at the time of her death. And to her knowledge, no asset or property of her ownership interest in birth was bequeathed to any surviving heir in her will. What about the residuary clause? The residual? In the will. She didn't, there's no bequest of this property, but most wills have residuary clauses. Who gets what isn't specifically bequeathed? Well, the company had already dissolved prior to her mother's passing. I understand that, but she says no asset or property or ownership interest in birth was bequeathed to any heir in her will. Now, the question becomes, where did she say she was a director? Oh, that's in the transcript. It's not in her affidavit. It's in the transcript from arbitration. So that evidence existed prior to the Serpian Court of Appeal was filed on pages 103 and 104 of the transcript. She testifies as to the nature of her employment relationship. She testifies before the Serpian Court of Reform. What did she say? This is at arbitration. Well, that's at arbitration. What did she say? It's at workers' compensation hearing. What did she say she was? She testified at one point that she was the director. She testified that she was the human resources director. She testified that she, quote, handled the office, the accounts payable, accounts receivable, and human resources, end quote. She also testified that she was in charge of hiring and firing. Implicitly, then, if she's in charge of hiring, that means that she has the ability to bind the company on financial obligations by hiring employees. Does that make sense to you? If I am in charge of hiring for XYZ Corporation, I hire the secretaries, I hire the janitor, I hire everybody else, I can bind them in contract because of that? What case would say that? Well, I think that's implicit, then, if she can hire somebody. Then I can bind the company in contract if I can hire somebody. If she's entering into an employment contract with an employee, then, yes, she can bind the employee out of that company in contract. I can bind them. I hire and fire day laborers, but I can bind the company in a contract to buy a crane? Now, that makes no sense. She's an office manager, counsel. She's an office manager. She's an office manager. She testified that she was the director of human resources. And I don't want to get bogged down in the weeds of just this. Because if you can't pass by that she has the ability to bind the corporation to a bond, then you better go to your constitutional argument because you'll lose on the statutory argument. But even on the statutory argument, we think her affidavit supports her ability to bind the company where she said that she was able to bind the company on payment and labor obligations and sign company checks and contracts. So we think that establishes more than just her ability to hire and fire employees. If that doesn't constitute the ability to bind the company that she indicated in her affidavit, she's able to bind the company on contracts. Because she's the office manager and she has authority to sign checks and contracts? Really? Right. To sign company checks and contracts that are binding for services on payment. Was she a corporate officer or director? Was that ever testified to? There's no testimony as to that. There's nothing in the affidavit as to whether or not she's a corporate officer. Or director. And we don't think 19-F-2 requires that they be a corporate officer. It just indicates that the bond needs to be sufficient enough to show that the company is bound. And additional evidence can be submitted after the fact based on the Supreme Court decision to leave the Industrial Commission where... Is a bond a contract? I'm sorry? Is a bond a contract? I don't, I'm not sure what the answer to that is. Now, the other argument, the other point here is that the circuit court in granting a motion to quash the summons and dismiss the appeal relied on Freedom Graphics Systems. And we don't believe that case is necessarily applicable in this context because in that case, the bond was simply not signed. Either by an employee or principal or anybody under the principal... You know, maybe we should have asked this question before. Maybe this may strike you as totally mundane, but you seem to be arguing in her testimony, her affidavits, her arbitrations, you seem to be saying that she really was a principal of the company. She really was a principal of the company. Why did she clearly identify herself as not a principal when she signed the initial document? Why did that happen? You're dancing around the issue. We don't know. I've had discussions with her about why she didn't sign it as a principal. We don't know the answer to that. All she can say is that the company doesn't exist anymore. I don't know, and I would be speculating. Maybe she's concerned about some possible bankruptcy issues or some other unrelated personal financial issues. But the affidavit establishes she was able to bond the company on contractual obligations. And if she's able to do that, we think that the bond is sufficient. Just because she doesn't consider herself to be a principal does not make that dispositive of the issue of whether or not she is a principal is our argument. Can you imagine what it would be like if we had to go through all this arduous and tedious fact-finding and testament in every case on something as simple as a piece of paper? Is that the intent of the act, to go through long and laborious and tedious hearings when somebody can sign a document and never have to do any hearings? Well, that's why I think your question supports our argument that we shouldn't elevate form over substance here. And we should accept that the bond is probably executed by a former director of the company who was able to bond the company on contractual obligations where the company no longer exists. I mean, it's important to recognize in this context... Who would bond a non-existent company to a contractual obligation? Exactly. That's the point. It's important to recognize here that we're engaging in a fiction. We're only engaging in a fiction. You represent an insurance company. You could have become a party to this suit. And once you became a party to this workers' compensation case, you could have signed the bond. If the award was returned against you. You didn't do it. You want to suggest that this woman has the power to bind a non-existent corporation at the time she signs the bond. Not what she could have done five years ago, but on the day she signed the bond. But that's what the act requires. That she has the power to bind the corporation on the day she signs the bond. She had it at the time she was employed by the company. Wait a minute. She has to have the power to bind the corporation on the day the bond is signed. Not five years ago. The corporation no longer exists. She can't very well bind it to the bond, can she? Well, you're right. But the plain statutory language and the way that this court has interpreted the plain statutory language is that there needs to be a principal from the company that signs the bond. And there's a case that I discovered yesterday in updating my research. A Valis case from 2010, unfortunately. Is that in your brief? I'm sorry? It is not. Do you think that's fair to do that? Well, I suppose not, Your Honor. But this court has found that an insurance company representative cannot sign as an agent on behalf of an employer that no longer exists. Well, there's no question that's true. But you could have become a party to the workers' comp action, couldn't you? The insurance company has a right to do that. I don't know whether the insurance company could have become a party to the case. And again, I think it's besides the point because we have somebody who was a principal at the time the corporation was in existence. Here, let's try this one. I'm the president of XYZ Corporation on January the 1st of 2010. A bond has to be signed. Oh, by the way, I quit the corporation on January 2nd, 2010. A bond needs to be signed on December the 12th, 2015. Do I have authority to sign that bond? Well, no. Oh, no? Why not? I think the distinguishing aspect here is that the company no longer exists. The distinguishing aspect being the company exists. That is a significant distinguishing characteristic here because there are no... Can I bind the bond non-entity? In your hypothetical, if the company still exists, there are principals, there are employees, there are... Ah, so your argument isn't that she has the ability to bind the company on the day she signed the bond. Your argument seems to be there isn't anywhere else that can, so she gets to. Well, my argument is that when the company was in operation, she had the ability to bind the company. I know you keep saying the same thing. And now we're back to the question is, if she is no longer an officer of that corporation, from whence did she get the right to bind it on the day the bond was signed? From whence came that power? That, I think, is the point, is that there is nobody to bind. We're engaging in an action. I think that's a different argument. But that's why our secondary argument is that the appeal should still be allowed to proceed because we have somebody who is bound to execute an insurance contract and pay out benefits. And we have an affidavit from the insurance company indicating that they have a valid insurance contract and that they will pay benefits, but they have no recourse in this instance because they're not able to sign the bond on behalf of a non-existing company. I think if Ms. Howard had simply signed the bond without crossing off the word as principal, but as former employee, we wouldn't be having this discussion right now, and this case wouldn't be an issue. So I think that the issue, I think the most important thing that this Court should look at is what her level of authority was at when she was employed by the company. You're still not getting me past the hump. The requirement in the case is seen to say that she has the power to bind the corporation to pay the bond. How can I bind a non-entity to pay a bond? Well, then in this case, Section 19F2 was a requirement that just shouldn't be necessary because there is no ability to bind the corporation on the bond. Maybe you should tell that to the legislature. But, I mean, then perhaps this Court can just say that the appeal can proceed because 19F2 can't be complied with because there is no corporation in existence at the time that the case proceeds to arbitration. Counsel, your time is up now. Thank you. No time on the bond. Apparently the other side hasn't shown up. Just as a matter of courtesy to the Court, when your case is up, you should be at the Council table. I'm sorry, Your Honor. Well, every Court that I've ever been in, that's required. So you may proceed. Thank you, Your Honor. It pleases the Court. Alvaro Cook. I represent Enrique Alvarez. Counsel. Essentially, I think first dealing with the issue of the standard of review,  bent over backwards, essentially, to try and juggle the standard of strict compliance with the statute, which is clearly worded. He went a moment beyond. He didn't demand strict compliance. He actually allowed them to go beyond the face of the documents and gave them a second bite to prove he had the authority to bind the principal. You've anticipated where I was going. Right. Because of the citing of the First Chicago decision, the Court, after entering the order, granted them another 21 days to come up with some evidence that this person who signed this bond and clearly scratched out principal and stated in her own handwriting, initialed former employee, not as principal, and said, okay, because First Chicago says so, let's give you another shot. And so they filed this affidavit where she calls herself an office manager, and here we are. The trial court, contrary to plaintiff's assertions, not only followed the statute and gave them plenty of time to comply with the interpretation of the statute through First Chicago and some of these other cases, the trial court engaged in a fact-finding process here, heard oral arguments, reviewed briefs, and so forth, and made a decision. And I think the decision is correct, and this decision was based on the trial court didn't buy that. Ms. Howard could be a former employee and a principal and an office manager and all these things that none of them really gelled together. As far as this argument that there's absolutely no one else in the universe that could have signed this thing, that's not for this court to decide or the trial court. Not only that, there was testimony, which I've cited in my brief, that Ms. Howard was married to a Joe Howard, and that Joe Howard was a vice president of Birch Services. This is in the transcript at C0000152-153, and it's cited on page 6 of my brief. Mr. Howard was her husband, and he was the vice president. He could have signed it. Of course. He could have been a principal. So this is a faulty argument repeatedly made by this plaintiff before the trial court and before this court. And not only is this the decision of the trial court would stand a review under the clearly erroneous, and it also stands review under the manifest weight argument. Otherwise, I think what this court or the trial court would find itself is every time a bond is filed, let's have a big hearing, and who filed it, and who else could have filed it, and what was your position to this day, and could you have bound the plaintiff? There's just no point in that. And even if you want to boil it down to, okay, let's look at the facts presented in this particular case, the facts didn't wash, the trier effect didn't buy it, the trier effect gave them more than enough opportunities to comply with the statute and the case law interpreting the statute and didn't buy it. It's that simple. Thank you. Thank you, counsel. Counsel, you have time in the floor. Briefly. Regarding the argument that her husband was a former vice president of Birch Services, we don't think that there's no testimony in the record other than that he was a vice president of Birch Services. There's no evidence to establish that he was a principal or that Ms. Howard was not a principal for purposes of satisfying the bond requirement, just by virtue of the fact that he was a vice president and she was director of human resources. No testimony was provided at arbitration as to what role, if any, Mr. Howard played at Birch Services other than he was a vice president. There was no testimony that he was a corporate officer. There was, however, testimony that Ms. Howard was the daughter of the two prior sole owners of the company, and there was also her affidavit that attested to the fact that she had authority to bind the company on financial obligations. Now, counsel also raises the point that every time an appeal is filed, we can have this kind of issue as to whether or not they were, in fact, a principal or there might be a hearing on it. But that is our point as well, is that they can always challenge the sufficiency of a bond and request a hearing on this determination before the trial court. We think, even if you apply an abuse of discretion standard to the trial court's determination, that no reasonable fact finder would have found that she's not a principal for purposes of satisfying the provisions of 19F2. She clearly attested in her affidavit that she had the authority to bind the company on financial and contractual obligations, and we think that is sufficient to satisfy the bond requirements and allow the appeal to proceed. Thank you. Okay. Thank you, counsel. Thank you, counsel, both, for your arguments in this matter. We'll take our five minutes for some discussion about the issue.